# (January 23, 1967)

█ LOUISE FILANOWICZ, Respondent, and THEODORE FILANOWICZ, Appellant, v. FRANK A. GUARINO et al., Appellants-Respondents.— In a medical malpractice action to recover damages for personal injury, medical expenses and loss of services, etc., (1) defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, dated July 23, 1965, as is in favor of the plaintiff wife upon a jury verdict and (2) the plaintiff husband appeals from so much of said judgment as set aside the jury verdict in his favor and dismissed his cause of action (for medical expenses, loss of services, etc.). Judgment reversed, on the law and the facts and in the interests of justice, and new trial granted as to all parties other than defendant Fischetti, with costs to abide the event, and action as against said defendant severed. The case was submitted to the jury based on the negligence of defendant Musso, a technician employed by defendant Guarino, a licensed physician. Among the theories of liability for Musso's negligence submitted to the jury was the use of contaminated eyedrops in administering treatment to the plaintiff wife's left eye. There was no proof in the record that in fact the eyedrops were contaminated by the organism which was established to be the source of the infection resulting in the removal of her eye. Hence, in our view, it was error to permit the experts to speculate that the eyedrops were contaminated and, as a result of this speculation, further to conclude that the eyedrops were the source of the infection. Since there was a general verdict on behalf of the plaintiff wife, we are unable to say that the jury did not decide the case based upon this erroneous submission; and a new trial is therefore required (*Ingersoll*

v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Digelormo* v. *Weil,* 260 N. Y. 192, 197; *Cassano* v. *Hagstrom,* 5 N Y 2d 643; *Lamb* v. *Union Ry. Co.,* 195 N. Y. 260, 266). We are of the opinion that, in the interests of justice, the plaintiff husband should also be granted a new trial. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.