KAREN CROSS, an Infant, by Her Parent JAMES CROSS, et al., Respondents, v BOARD OF EDUCATION OF DELAWARE ACADEMY AND CENTRAL SCHOOL DIST. No. 1 OF TOWNS OF DELHI, KORTRIGHT, MEREDITH, FRANKLIN, HAMDEN AND BOVINA et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants; GENERAL MOTORS CORPORATION, Third-Party Defendant-Appellant-Respondent.

Third Department, July 24, 1975

*Simpson, Thacher & Bartlett (Whitney North Seymour* of counsel), for third-party defendant-appellant-respondent.

*Appelbaum & Eisenberg (Bertram W. Eisenberg* of counsel), for respondents.

*Walter L. Terry (Edwin J. Tobin* of counsel), for defendants and third-party plaintiffs-respondents-appellants.

HERLIHY, P. J. On the first day of school, September 6, 1972, the infant plaintiff was riding on a school bus owned by the defendant school district and operated by the defendant David Bell when it failed to negotiate a curve on New York State Highway No. 10, ran off the road, struck a stump and continued for some considerable distance thereafter before stopping.

The plaintiff's claim against the defendants was an assertion that the accident was the result of negligence of the school district and driver and that plaintiff was free from contributory negligence.

The plaintiff called several students who were riding on the bus at the time of the accident. They testified generally that at various times on the trip to BOCES and the return therefrom the bus had gone off the side of the road; that the bus driver had stated that he was very sleepy and asked one of the students to talk with him; that other students had seen him yawning and rubbing his eyes.

The bus driver testified that he had no recollection of the happening of the accident itself nor of any erratic driving on his part on the day in question. He stated that he was familiar with the turn in the road where the accident happened; that the speed limit was 55 miles an hour; that there was a sign recommending 35 miles an hour prior to the turn and that he ordinarily braked the bus in taking the turn. There was testimony that on the day of the happening of the accident there was no turning or braking of the bus or gearing down as it approached the curve; no skid marks or other signs of the application of brakes prior to the bus leaving the road; no "yelling" or warning instructions by the driver to the pupils of impending peril.

On this summary, together with other evidence produced by the plaintiff, the proof is overwhelming that the defendant school board bus driver was negligent and that such negligence was, if not the sole cause, at least one of the proximate causes of the happening of the accident and that part of the judgment should be affirmed.

In view of the negligence of the defendants Board of Education and Bell, a more difficult issue is presented as to whether there was a defect in the bus and if so, whether it was a proximate cause of the happening of the accident.

It is contended by the school board that the "sector shaft" in the steering mechanism was defective. Expert testimony was offered by both parties. Thereafter the jury returned a verdict against General Motors, finding it to be negligent and assessing 75% of the damages against it. It was the theory of the school board that an earlier impact, of sorts, put an initial pressure on these parts so as to create wear by stress and that as a result of such impact and the ordinary use of the bus thereafter until and including the day in question (the first day of school), the wearing process caused the "sector shaft" to give way and the operator of the bus to be unable to control the steering mechanism. The record is devoid of any proof of prior "impact" and the fulcrum of the school board's theory disintegrates. There was additional testimony that the "sector shaft" and its "splines" were of softer metal than the maximum hardness called for by the General Motors' specifications. The record does not disclose what minimum specifications were utilized either by General Motors or the automobile industry in general for the hardness of the particular metal parts at issue herein. In any event, the test by the school

district's experts demonstrated that the shaft was within the minimum requirements for hardness of the grade of steel specified as a raw material for the production of the part or parts. There was undisputed testimony that the bus had been inspected within a month. On the morning of the accident the school district maintenance supervisor testified that he drove the bus and experienced no difficulty.

Expert testimony must be based on facts supported by the evidence *(Cassano v Hagstrom,* 5 NY2d 643; *Cooke v Bernstein,* 45 AD2d 497; *Stracher v Corning Glass Works,* 39 AD2d 560; *Filanowicz v Guarino,* 27 AD2d 666). However, the facts need be only "fairly inferrable" from the evidence. *(Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410.) In this case the initial impact premised by the board was not "fairly inferable" from the evidence as being one which occurred in the ordinary and foreseeable use of the vehicle. An investigation of the above cases establishes that the courts are concerned that expert testimony not be based on mere speculation (e.g., *Cassano v Hagstrom, supra* [where the expert tried to testify as to the propriety of a dentist's treatment where there was no proof that the dentist ever touched the particular part of the mouth and there was testimony that injury could have been the result of degeneration]; *Stracher v Corning Glass Works, supra* [where the expert assumed that a flask was nonhomogeneous, where there was no evidence of the type of flask that had cleaved]; *Filanowicz v Guarino, supra* [where the expert speculated as to the contamination of the contents of an eyedropper where there was no evidence of such contamination]).

Under the circumstances, the opinion of the school board experts was based on speculation and surmise and there is a failure of proof on its part. We further observe that with the front end of the bus so badly damaged, as here, the proof of the prior impact must be established by probative evidence. The verdict against General Motors was, under the circumstances, contrary to the weight of the evidence.

In *Hunter v Ford Motor Co.* (37 AD2d 335) the wheel and the axle had become disengaged from the truck prior to the accident which caused the injuries and the expert testified that a properly designed and manufactured axle should not normally break in the manner in which it did. In the present case there is no physical evidence which would support a finding that the sector shaft became disengaged prior to the

impact of the bus with the guardrails and before it proceeded off the highway and down the embankment. At most, it might be inferred that the shaft became detached from the bus or its component parts between the time of the initial impact with the guardrails and the striking of the stump with the front wheels.

In *Codling v Paglia* (38 AD2d 154, affd 32 NY2d 330) the testimony by the driver of the automobile was to the effect that the automobile went to the left and that he tried to pull it to the right, but it would not budge. There was direct evidence of something wrong with the automobile prior to the collision. There is no such evidence in the present action.

Although the courts are reluctant to overturn jury verdicts, that does not mean that on occasion the court should not exercise its power to do so. Here, the negligence of the school board and the driver was so flagrant that it could constitute the only negligence. In view of the proof offered and the failure to sustain its theory, the verdict should not stand. There are other alleged errors which we need not discuss, but which weighed in arriving at our decision.

The judgment should be modified, on the law and the facts, by reversing so much thereof as granted judgment in favor of the Board of Education and David Bell against General Motors, and a new trial ordered, in the interests of justice, on the causes of action asserted in the third-party complaint, with costs to abide the event, and, as so modified, affirmed, with costs to plaintiffs.

Settle order on notice.

REYNOLDS, J. (dissenting). I vote to affirm. The case presented only a question of fact for the jury and they had ample evidence upon which to base their verdict against General Motors.

GREENBLOTT, MAIN and LARKIN, JJ., concur with HERLIHY, P. J.; REYNOLDS, J., dissents and votes to affirm in an opinion.

Judgment modified, on the law and the facts, by reversing so much thereof as granted judgment in favor of the Board of Education and David Bell against General Motors, and a new trial ordered, in the interests of justice, on the causes of action asserted in the third-party complaint, with costs to abide the event, and, as so modified, affirmed, with costs to plaintiffs.

Settle order on notice.