■ REUBEN JACKSON, Plaintiff, v SHARON MELVEY et al., Defendants and Third-Party Plaintiffs-Respondents. GENERAL MOTORS CORPORATION, Third-Party Defendant-Appellant; GEORGE BUICK CORPORATION, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, third-party defendant General Motors Corporation (GM) appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County, dated July 29, 1975, as (1) is in favor of third-party plaintiffs and against it, upon a jury verdict on the issue of liability only, for 35% of plaintiff's damages and (2) is in favor of third-party defendant George Buick Corporation (Buick) and against third-party plaintiffs, upon the trial court's dismissal of the third-party complaint as against Buick at the close of all the evidence. Interlocutory judgment reversed insofar as appealed from, on the law, without costs or disbursements, and new trial granted as between third-party plaintiffs and third-party defendant Buick, initially on the issue of liability for breach of warranty, and then, if that issue is decided in third-party plaintiffs' favor, on the issue of apportionment. In the event the issue of liability is decided in favor of Buick, the new interlocutory judgment to be entered thereon shall apportion liability in the same manner in which it is apportioned in the judgment under review; otherwise, a new apportionment shall be made. Third-party defendant GM shall have the right to participate in the new trial. The accident giving rise to the alleged injuries occurred on June 30, 1968, when a vehicle driven by defendant Owens and owned by defendant Melvey, in which plaintiff Jackson was a passenger, veered to the right off the highway and onto a shoulder, struck two utility poles, and overturned. Jackson sued Owens and Melvey, claiming negligence. The latter, in turn, commenced a third-party action against GM, the manufacturer of the vehicle, and Buick, the dealer from whom Melvey had purchased the vehicle just three weeks prior to the accident, alleging that the accident occurred by reason of a defect in the steering mechanism, which caused the steering wheel to lock as Owens proceeded from the left to the right lane at a speed of about 65 miles per hour. At the close of the third-party plaintiffs' case, the trial court dismissed those causes of action in the third-party complaint sounding in negligence for failure of proof. At the close of the entire case, the remaining cause of action, sounding in breach of warranty, was dismissed as to Buick as well. Thereafter, the jury returned a verdict in favor of plaintiff and against Melvey and Owens in the main action, and in favor of the latter and against GM in the third-party action. Liability was apportioned at 65% for Owens and Melvey and 35% for GM. In our view, it was error to dismiss the third-party complaint as against Buick. The uncontradicted evidence established that, aside from the dealer's presale inspection, Buick inspected and/or repaired the vehicle just one week after purchase and two weeks prior to the accident, when Melvey returned the vehicle to it complaining of steering problems. Melvey picked up the car that same day, or the next, and claimed to having been advised that the vehicle had been adjusted or repaired and that it was in good operating condition. From this evidence, the jury could have found that Buick, which held itself out as a repairer of automobiles and provided servicing and repairs under the new car warranty, failed to make the proper repairs, thereby contributing to the accident. Consequently, a new trial has been granted of the third-party action as against Buick. If the jury determines that Buick was at fault and contributed to the accident, an apportionment of damages should then be made pursuant to Dole v Dow Chem. Co. (30 NY2d 143) in accordance with the relative fault of all parties to the third-party action (see Howell v Bennett Buick, 52 AD2d

590). We have examined the other points raised by GM and find them to be without merit. In particular, we reject GM's contention that, absent expert testimony, or at least some competent direct evidence of a defect (see, e.g., *Markel v Spencer*, 5 AD2d 400, affd 5 NY2d 958), the lay testimony herein was insufficient to establish a prima facie case against it. No doubt utilization of expert testimony is the rule rather than the exception in this type of case, but, in the end, each case must be judged upon its own facts. As noted by the Court of Appeals in the leading case of *Codling v Paglia* (32 NY2d 330), the plaintiff is not required to prove the specific product defect and his proof may be circumstantial in nature. Thus, the defect may be inferred from proof that the product did not perform as intended by the manufacturer. There was, in truth, expert testimony on both sides in the *Codling* trial with respect to an alleged specific defect in the power steering system of Paglia's vehicle. However, it was only Paglia's own testimony, as to his inability to steer the vehicle to the right, which the Court of Appeals recounted in upholding the jury finding of manufacturer liability, since proof of a specific defect was not required. At bar, the Melvey vehicle was only three weeks old at the time of the accident and, more importantly, had concededly been brought back to the dealer with a complaint of a steering problem only one week after its purchase. These facts alone present a far stronger case than *Codling*, for Paglia's vehicle was four months old at the time of his accident and there had been no prior steering difficulties. Furthermore, it is virtually undisputed that the severity of the damage to the Melvey vehicle prevented examination and testing of the steering mechanism after the accident. Although competent, expert testimony based necessarily upon purely hypothetical questions would be of little probative value (see, e.g., *Henningsen v Bloomfield Motors*, 32 NJ 358), especially as a defect of the type alleged could have caused the vehicle to veer off the road as it did. Thus, we conclude, upon the particular record before us, that the third-party plaintiffs have made a prima facie showing of a defect in the steering mechanism of the Melvey vehicle. While Owens' negligence in apparently driving at an excessive rate of speed obviously contributed to the severity of the injuries and damage, the most reasonable probable cause of the car's swerving off the road was a defect in the steering mechanism, or so the jury could find (cf. *Cross v Board of Educ.*, 49 AD2d 67). Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.