■ PERIN GOBHAI, Respondent-Appellant, v KLM ROYAL DUTCH AIRLINES, Appellant-Respondent. — Order, Supreme Court, New York County (Shainswit, J.), entered on June 9, 1981, which denied defendant's motion for summary judgment and denied plaintiff's cross motion for leave to amend the complaint, unanimously modified, on the law, to the extent of granting defendant's motion for summary judgment, and, otherwise, affirmed, without costs or disbursements. In January, 1976, Cavas Gobhai, the plaintiff's son, was returning from a business trip and was a passenger, flying first class, on defendant airline's Flight No. 641 from Amsterdam to New York. During this flight the son was given a pair of slippers, which, according to him was "all part of a package" given to those passengers flying first class. Over nine months later the plaintiff, a resident of Bombay, India, while visiting her son

in Boston, Massachusetts, was given these KLM slippers. On September 21, 1976, while the plaintiff was staying at a friend's apartment in the City of New York, she slipped and fell on a noncarpeted area of this apartment while wearing these slippers. It is alleged, as a result of this accident, the plaintiff suffered serious injuries and demanded in the original complaint, damages in the sum of $100,000. Special Term found that an issue of fact existed as to whether KLM sold the slippers to the plaintiff's son and, accordingly, denied the defendant's motion for summary judgment. We disagree. The complaint attempts to allege one cause of action for strict products liability. However, in our view, the complaint fails to set forth a valid cause of action. The doctrine of strict products liability imposes liability without proof of fault upon manufacturers and vendors who are in the business of selling products, which are then shown to be defective and which cause injuries. (Restatement, Torts 2d, § 402 A.) "[A] defect in a product may consist of one of three elements: mistake in manufacturing * * * improper design * * * or by the inadequacy or absence of warnings for the use of the product" (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 478-479). The facts before this court are quite clear that KLM did not manufacture, design or sell the alleged defective footwear, nor was defendant ever cast in one of these roles. Defendant is not in the business of manufacturing or selling slippers, but is in the business of providing air transportation for passengers and cargo. These slippers were manufactured by a Korean corporation and purchased by the airline approximately two years prior to the time plaintiff was injured. Distribution of these goods by KLM was incidental to the basic service provided and the slippers were for in-flight use by defendant's first class passengers. Under the facts of this case, these incidental amenities are not subject to the principles of strict products liability. Obviously, the plaintiff's son boarded the defendant's aircraft for the purpose of being transported from Amsterdam to New York, and not for the purpose of obtaining a pair of slippers for his mother. The facts in this case are not in dispute and since there is no material issue of fact to be decided, summary judgment should have been granted. Concur — Ross, J. P., Lupiano, Silverman, Bloom and Lynch, JJ.