**Michelle L. PISCITELLO,
et al., Plaintiffs,**

v.

**The HOBART CORPORATION
and Intedge Industries,
Inc., Defendants.**

**Civ. A. No. 91–11231–T.**

United States District Court,
D. Massachusetts.

Sept. 14, 1992.

Charles W. Goddard, Costello, Frattaroli, Barrett, Gonthier & Goddard, PC, Salem, Mass., for plaintiffs.

Carey Hugh Smith, Lee Stephen MacPhee, Morrison, Mahoney & Miller, Boston, Mass., for defendants.

## MEMORANDUM

TAURO, Chief Judge.

The Hobart Corporation ("Hobart") and Intedge Industries, Inc. ("Intedge") are co-defendants in this personal injury action. Hobart moves this court to 1) strike the answer and discovery responses of Intedge, and 2) for an order granting summary judgment pursuant to Fed.R.Civ.P. 56. The amount in controversy exceeds $50,-000. Plaintiffs are citizens of Massachusetts and both defendants are incorporated and have their principal places of business outside of the Commonwealth. This court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

### I

### *Facts*

The undisputed facts are as follows. In August, 1987, plaintiff Michelle Piscitello was injured when she caught her hand in a meat grinder during the course of her employment at the Patio Restaurant in Mag-

nolia, Massachusetts.[1] Plaintiff's injuries resulted in the amputation of the index and middle fingers of her right hand. Although the meat grinder bore the words "No. 12 Hobart," Hobart neither manufactured, distributed, marketed nor sold the grinder at issue. Intedge manufactured the injurious grinder using a design that it borrowed from Hobart. The words "No. 12 Hobart" were stamped onto the grinder by Intedge to alert consumers that it was compatible with a Hobart power source.

## II

### Hobart's Motion to Strike

Hobart moves to strike the answer and discovery responses of Intedge on the grounds that J. Richard Beltram, Intedge's President, who is not a licensed attorney, has purported to represent Intedge in this case.[2] Hobart argues that, should Intedge retain legal counsel at some future date, that counsel might seek to strike all prior discovery because Intedge was not then properly represented. Hobart's Mot. to Strike at 3.[3] This court, however, perceives a more fundamental problem with respect to Mr. Beltram's representation of Intedge.

■ It is clear that an individual may appear *pro se* in federal court even though not a lawyer. But, "a corporation may be represented only by licensed counsel." *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir.1976). "One of the time-hallowed restrictions on corporations has been

that, in court proceedings, they must be represented by a licensed attorney." *In re Las Colinas Dev. Corp.*, 585 F.2d 7, 13 (1st Cir.1978), *cert. denied sub nom. Schreibman v. Walter E. Heller & Co.*, 440 U.S. 931, 99 S.Ct. 1268, 59 L.Ed.2d· 487 (1979); *see also One Company, Inc. v. United States Dep't of Housing and Urban Dev.*, No. 79–0694 (D.Mass. Oct. 22, 1981) (Tauro, J.). Indeed, this court's Local Rule 83.-5.2(d) states in pertinent part: "The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney."

Intedge, therefore, is ordered to obtain licensed counsel who will file an appearance in this case on or before October 16, 1992. If Intedge fails to comply with this order, Intedge's pleadings will be stricken and a default judgment entered.

## III

### Hobart's Motion for Summary Judgment

■ Hobart also moves this court for summary judgment on the ground that it was involved in neither the design, manufacture nor sale of the meat grinder at issue. Plaintiffs concede that Hobart did not manufacture, distribute or sell this particular meat grinder,[4] but contend that Hobart *designed* the original grinder after which most grinders, including the Intedge grinder, have been patterned over the years.[5]

---

1. Plaintiff's parents, Joseph and Laura Piscitello, are also plaintiffs in this action. Each alleges loss of parental consortium and severe emotional distress resulting from their daughter's injury.

2. Hobart points out that,
   Beltram has filed an Answer on behalf of Intedge, served answers to interrogatories and responses to requests for documents, attended and attempted to ask questions at a deposition of Hobart, and otherwise acted as Intedge's attorney, all in violation of established rules. Hobart's Mem.Supp.Mot. to Strike at 2.

3. Mr. Beltram did not appear at the September 2, 1992 hearing on these motions.

4. This court, therefore, need not address plaintiff's claims of breach of implied warranties of

merchantability and violation of Mass.Gen.L. 93A.

5. The design of the meat grinder in question is called the "inverted T" design. A patent for this design was granted to Hobart, as assignee of Herbert L. Johnson, on May 26, 1931. The patent, however, was ruled invalid eight years later in *Hobart Mfg. Co. v. Landers, Frary & Clark*, 26 F.Supp. 198 (D.Conn.1939), *aff'd*, 107 F.2d 1016 (2d Cir.1939). The court stated that "the improvement described in the patent in suit was within the mental range of any one skilled in the art to which the patent relates, and did not require invention to devise it but only the use of ordinary judgment and mechanical skill." *Id.* at 202.

A court is entitled to grant summary judgment only where no genuine issue as to any material fact exists and where the moving party is entitled to judgment as a matter of law. *Fowler v. Boise Cascade Corp.*, 948 F.2d 49, 54 (1st Cir.1991). Under Massachusetts law, "a plaintiff who sues a particular manufacturer for product liability generally must be able to prove that the item which it is claimed caused the injury can be traced to that specific manufacturer." *Mathers v. Midland–Ross Corp.*, 403 Mass. 688, 691, 532 N.E.2d 46, 49 (1989); *see also Carrier v. Riddell, Inc.*, 721 F.2d 867, 869–70 (1st Cir.1983); *Smith v. Ariens Co.*, 375 Mass. 620, 623, 377 N.E.2d 954, 958 (1978).

The undisputed facts in this case establish that the meat grinder which caused Laura Piscitello's injuries was manufactured by Intedge, not by Hobart. Plaintiffs contend that Hobart, should nevertheless, be held liable because Intedge "utilized" Hobart's design. Essentially, plaintiffs' position is that liability should attach to any party that is involved in the original design of a defective product.

Plaintiffs rely on the case of *Bickram v. Case I.H.*, 712 F.Supp. 18 (E.D.N.Y.1989) to support this theory. There, the court stated that "the burden of recompensing the injured should be spread to those parties responsible for the defect and in the best position to eliminate dangers in the future." *Id.* at 22. Plaintiffs see *Bickram*'s public policy rationale as a basis for imposing liability here. This court disagrees. It would be unfair to impose such an expansive view of tort liability on those whose original design is mimicked without the designer's permission.

This court concludes, therefore, that Intedge's decision to "copy" Hobart's meat grinder design does not establish Hobart as either the designer of the meat grinder at issue here or as a participant in its chain of distribution. Accordingly, Hobart's motion for summary judgment is allowed.

## IV

For all the foregoing reasons, defendant Hobart's Motion to Strike is hereby DE-FERRED, Hobart's Motion for Summary Judgment is ALLOWED, and defendant Intedge is ordered to obtain licensed counsel on or before October 16, 1992 for all future proceedings before this court.