DONNA BRYAN, Appellant-Respondent, v STATEN ISLAND UNIVERSITY HOSPITAL, Defendant, and JAMES B. HURWITZ, Respondent-Appellant. [814 NYS2d 751]—

In an action, inter alia, to recover damages for medical malpractice, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated October 1, 2004, as, upon a jury verdict in favor of her and against the defendant James B. Hurwitz finding that she sustained damages in the principal sums of $750,000 for past pain and suffering and $3,000,000 for future pain and suffering, granted that branch of the motion of the defendant James B. Hurwitz which was pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages only to the extent of granting a new trial unless she stipulated to reduce the verdict as to past pain and suffering to the sum of $300,000 and as to future pain and suffering to the sum of $350,000, and (2) the defendant James B. Hurwitz appeals from so much of the same

order as denied those branches of his motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict and for judgment in his favor as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial on the issue of liability.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion of defendant James B. Hurwitz which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment in his favor as a matter of law and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting the branch of the same motion which was pursuant to CPLR 4404 (a) for a new trial on the issue of damages and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant James B. Hurwitz.

The defendant James B. Hurwitz (hereinafter the defendant) argued in his posttrial motion to set aside the verdict, inter alia, that the plaintiff's expert's testimony regarding his allegedly negligent postoperative care failed to establish that any such negligence was a substantial factor in causing any injury. We agree.

The plaintiff's expert who addressed postoperative care, Dr. Raymond D. LaRaja, testified that the defendant deviated from the standard of care by failing to administer a nerve block injection to the plaintiff during office visits on November 5, 1996, and February 28, 1997. However, while this constituted an expert opinion of negligence that could be credited by the jury, as is typically required in medical malpractice actions (*see e.g. Koehler v Schwartz*, 48 NY2d 807, 808-809 [1979]; *McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20, 24 [1964]), Dr. LaRaja failed to proximately relate the negligence to any injury, as is also required (*see Giambona v Stein*, 265 AD2d 775, 776 [1999]; *Prete v Rafla-Demetrious*, 224 AD2d 674, 676 [1996]; *Petersen v Victory Mem. Hosp.*, 178 AD2d 520, 521 [1991]; *Foresta v Tadros*, 164 AD2d 904, 906 [1990]). Further, on the issue of proximate cause, Dr. LaRaja's testimony failed to indicate whether the nerve block injection, if given, would have provided the plaintiff with pain relief of any temporal significance. Given these deficiencies in the testimony of the plaintiff's expert, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The jury's verdict should therefore have been set aside (*see* CPLR 4404 [a]).

The plaintiff's contention with respect to the trial court's granting of that branch of the defendant's application, made at the close of the plaintiff's case, which was to dismiss so much of the complaint as sought to recover damages for medical malpractice which allegedly occurred during the operation is not properly before us on this appeal from the order determining the defendant's posttrial motion pursuant to CPLR 4404 (a) (*see Kyong Hi Wohn v County of Suffolk,* 211 AD2d 761, 762 [1995]; *Radford v Sheridan Prods.,* 181 AD2d 667 [1992]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.