CYNTHIA S. EDGAR, as Executrix of KENNETH R. EDGAR, Deceased, Appellant, *v.* PHILIP S. NACHMAN et al., Defendants, and ACADEMY MOTORS, INC., et al., Respondents.

Third Department, June 28, 1971.

*Parisi & De Lorenzo* (*Thomas E. De Lorenzo* of counsel), for appellant.

*Maynard, O'Connor & Smith* (*Davis, Polk & Wardwell,* by *Lawrence E. Walsh,* of counsel), for World-Wide Volkswagen Corp. and others, respondents.

*Carter & Conboy* (*James S. Carter* of counsel), for Academy Motors, Inc., respondent.

SIMONS, J. This is an appeal from orders of the Supreme Court, Saratoga County, as follows: (1) an order entered July 13, 1970 which dismissed the amended complaint as against respondents World-Wide Volkswagen Corp., Volkswagen of America, Inc. and Volkswagenwerk Aktiengesellschaft; (2) an order entered July 23, 1970 which dismissed the amended complaint as against respondent Academy Motors, Inc.; and (3) an order entered October 30, 1970 which denied motions for reargument and for leave to serve an amended complaint as against all the respondents.

Appellant's decedent was involved in an accident when his westbound Volkswagen was struck head on by an eastbound vehicle, operated by defendant Nachman and owned by defendants Lewis and Braunstein, which crossed over the center line of the highway into the westbound lane of travel. Appellant alleges that the collision was " caused solely by the reason of the negligence and carelessness of the defendant Philip S. Nachman " in the operation of his automobile. After impact, decedent's 1963 Volkswagen automobile burst into flame allegedly causing or contributing to his severe personal injuries and death. The car was purchased from the respondent Academy Motors, Inc., manufactured by the respondent Volkswagenwerk Aktiengesellschaft and sold by the manufacturer to the respondent Volkswagen of America, Inc., the importer, who resold it to the respondent World-Wide Volkswagen Corporation, the distributor.

The duty of the manufacturer of a machine which is inherently dangerous because of the way it functions is to make it free from latent defects or concealed dangers not known to the plaintiff. (*MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382.) The appellant would have us extend this rule, which governs the care required in construction, and impose liability on manufacturers for injury resulting from automobile design deficiencies.

There have been cases where liability has been imposed upon a manufacturer for improper design which caused the accident (*Rooney* v. *Healey Co.,* 20 N Y 2d 42; *Carpini* v. *Pittsburgh & Weirton Bus Co.,* 216 F. 2d 404), and a few jurisdictions have allowed recovery where the design of the car did not cause the accident but increased or aggravated the injury (cf. *Larsen* v. *General Motors Corp.,* 391 F. 2d 495 and cases cited therein;

contra, *Evans* v. *General Motors Corp.*, 359 F. 2d 822, cert. den. 385 U. S. 836), but no decisions in this State are called to our attention which allow recovery against the manufacturer for unsafe design characteristics which do not cause the accident but only aggravate the damages.

The New York rule is stated in *Campo* v. *Scofield* (301 N. Y. 468). Liability may not be imposed on a manufacturer solely because his product is dangerous to use and he has failed to make safety provision against all anticipated risks. If the manufacturer does everything necessary to make the product function properly for its intended purpose, and its operation creates no danger unknown to the user, then the manufacturer is not liable. He is not required to make a machine that is accident proof or a car that is crashworthy. Appellant's attempt to fix liability on respondents, as stated in her proposed amended complaint, because the gas cap flew off as the result of impact and the gasoline tank was located in front of the vehicle does not spell out causes of action based on either negligence or warranty. (*Campo* v. *Scofield, supra*; *Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137; *Walk* v. *Case Co.*, 36 A D 2d 60, mot. for lv. to app. den. 28 N Y 2d 487.) She does not allege the gas cap or gas tank were defectively fabricated or installed, but only that they were improperly designed to withstand collision and thereby the damages were increased.

Appellant argues that *Greenberg* v. *Lorenz* (9 N Y 2d 195) and its successors liberalize the requirements of the *Campo* holding insofar as actions based on warranty or strict liability in tort. The *Greenberg* decision was one of the early New York breach of warranty cases which removed the requirement of privity, thereby allowing a remote user to sue a manufacturer under appropriate circumstances. It did not expand the law to make manufacturers responsible for warranting that their cars were safe in design. Proof of defective manufacture and causation is still required.

The appellant's original and first amended complaints contain similar allegations in even less detail than her proposed amended complaint and were, therefore, properly dismissed. Having considered the three complaints drafted by appellant, we conclude that none state a cause of action. In view of our determination on the merits, we need not pass on Special Term's reasoning with respect to the effect of appellant's failure to request leave to replead pursuant to CPLR 3211 (subd. [e]).

The orders entered July 13, 1970 and July 23, 1970, which dismissed the amended complaint as to respondents, and the order

entered October 30, 1970, which denied leave to serve an amended complaint, should be affirmed. The appeal from so much of the order entered October 30, 1970 as denied reargument should be dismissed.

HERLIHY, P. J., STALEY, JR., COOKE and SWEENEY, JJ., concur.

Orders affirmed, without costs. Appeal from order denying reargument dismissed, without costs.