■ HYUNG Y. CHOI, Appellant, v ABRAHAM J. MANN, Respondent. — In a personal injury action resulting from an automobile accident, plaintiff appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), dated September 12, 1983, which, upon defendant's motion, dismissed his complaint at the close of his case.

Judgment reversed, on the law, and new trial granted, with costs to abide the event.

The evidence presented by plaintiff on his direct case consisted of his own testimony and portions of defendant's examination before trial. In sum, the substance of the plaintiff's case, which was undisputed, was that he and defendant were traveling on Bay Parkway in Brooklyn in opposite directions, on a rainy overcast day, that he began to make a left turn at an intersection which was being approached by defendant, and that when he entered defendant's lane his car skidded and made a 360-degree spin during which defendant's vehicle collided with plaintiff's vehicle, hitting its right side broadside. The testimony as to the relative positions of the vehicles was equivocal, plaintiff stating that when he turned there was a car (not necessarily that belonging to defendant) more than a block away and defendant stating that he was 10 feet away from plaintiff's car when he first saw it prior to the collision. In granting defendant's motion to dismiss, the trial court concluded that plaintiff was unsure whether defendant's car had hit his own and that, had defendant's car been more than a block away, it

would have been impossible for the collision to have occurred given the brief time of one minute estimated by plaintiff between his entry into the skid and the collision.

On a motion to dismiss such as was made here, it is the trial court's duty to determine whether upon any rational construction of the evidence, the trier of the facts could find for the plaintiff, and not to weigh the proof as was done by the trial court in the instant case (*Santiago v Steinway Trucking,* 97 AD2d 753). Moreover, the court made a finding as to the distance which defendant's vehicle might have traveled based upon facts not in evidence, upon which, in part, it based its decision. Of equal import is the trial court's erroneous finding that plaintiff could not say for sure that it was defendant's vehicle which collided with his own, in view of defendant's admission that his car had hit the plaintiff's vehicle and the fact that plaintiff testified that he was rendered unconscious immediately after the collision. Under the circumstances, a new trial is necessary. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.