■ ELIZABETH BURGOS, Appellant, v CAROL LUTZ et al., Defendants, and HUNTINGTON CYCLES, LTD., et al., Respondents. —In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, (1) from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated March 15, 1984, as (a) upon a special jury verdict, granted the motion of the defendants Huntington Cycles, Ltd., and American Honda Motors, Inc. (hereinafter Honda) to dismiss the plaintiff's cause of action based on defective seat belt design, and (b) granted the further motion of those defendants for judgment as a matter of law dismissing the plaintiff's cause of action based on defective steering column design, and (2) from an order of the same court, dated December 14, 1984, which denied the plaintiff's motion to set aside the special verdict of the jury.

The plaintiff has withdrawn her appeal from a judgment of the same court, dated April 12, 1984, which, upon a special jury verdict, granted the motion of the defendants Carol Lutz and Joan Lutz for judgment as a matter of law dismissing the complaint as against them.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated December 14, 1984 is dismissed, without costs or disbursements, as academic.

The plaintiff's decedent was killed while driving his Honda Civic 1200 when he made a left turn at an intersection and his car was struck by an oncoming vehicle, a Ford LTD. The decedent suffered a transection (laceration) of his thoracic aorta, and apparently died instantly. The plaintiff brought this action against the driver of the Ford, alleging negligence, and against the respondents herein, alleging, *inter alia,* defective design of the steering column and seatbelt system of the Honda.

After a three-month trial, the jury returned a special verdict in favor of the driver and the owner of the Ford. The plaintiff has withdrawn her appeal from the judgment of the

same court, dated April 12, 1984, which was in favor of the driver and the owner of the Ford.

The plaintiff's evidence concerning the defective seat belt system consisted of expert testimony to the effect that, upon inspection of the actual seatbelt in the decedent's Honda, the locking device performed erratically. The plaintiff failed to establish that the erratic performance was caused by the design of the locking device. Furthermore, the plaintiff's expert did not testify that there was an alternative, safer design of the seat belt locking system. Moreover, none of the plaintiff's evidence established, either directly or circumstantially, that the decedent was wearing his lap or shoulder belts at the time of the collision. Thus, the plaintiff failed to meet her obligation to present evidence that it was feasible to design a seat belt system in a safer manner *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108), or that the alleged defect was the cause in fact of the decedent's death. Accordingly, the plaintiff failed to establish a prima facie case of a defectively designed seat belt system.

The plaintiff's theory with respect to her claim of a defectively designed steering column was that the system lacked an adequate energy absorbing capability, and that when the decedent came into contact with the steering wheel, his chest sustained an intolerable impact from the force of the collision, causing the injuries which resulted in his death. Although the plaintiff's expert testified to the characteristics and qualities of an alternative, feasible steering column energy absorption system, the expert failed to explain how the proposed design would have prevented any of the decedent's injuries under the circumstances of the actual collision. Significantly, the plaintiff's expert failed to indicate how the alternative design would have absorbed more energy than the steering column design used in the decedent's vehicle. Thus, the plaintiff failed to show that the alternative design was any safer or more capable of preventing the harm that the decedent suffered than Honda's design *(see, Voss v Black & Decker Mfg. Co., supra; see also,* 2 NY PJI 2d 141 [1986 Supp]). Indeed, under the second collision doctrine as it has been articulated in New York, a plaintiff is required to prove that the injuries were more severe than they would have been had the product been properly designed *(see, Bolm v Triumph Corp.,* 33 NY2d 151; *Cornier v Spagna,* 101 AD2d 141, 146). This proof must tend to show that there was a feasible alternative design which would have avoided the harm to the extent the injuries were enhanced by the second collision, to wit, the impact of the

collision of the decedent with the steering column *(see, Bolm v Triumph Corp., supra)*. The plaintiff having failed to present such proof, a prima facie case was not established with respect to the claim of a defectively designed steering column.

Because the plaintiff failed to establish a prima facie case with respect to either of her defective design claims, the trial court properly granted the respondent's motions to dismiss those claims.

In view of our conclusion, we need not address the plaintiff's remaining contentions. Furthermore, because the plaintiff's motion for a new trial was predicated on certain alleged irregularities in the jury's deliberation process, we dismiss the appeal from the order denying that motion as academic. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.