■ PETER GARCIA, Respondent, v INES M. RIVERA et al., Respondents, and FRUEHAUF CORPORATION, Appellant.—Two orders, Supreme Court, Bronx County (Bertram Katz, J.), entered April 7, 1989, the first of which, *inter alia,* denied defendant Fruehauf Corporation's motion for summary judgment and found that plaintiff was entitled to maintain an action in strict products liability; and the second entered on or about March 31, 1989, which denied defendant Fruehauf's

motion for an order striking the action from the Trial Calendar and permitting it to depose plaintiff's experts, unanimously reversed, on the law, the motion for summary judgment granted, and the alternative motion for discovery dismissed as academic, without costs.

The underlying facts of this case concern an accident which occurred at 1:25 A.M. on January 12, 1983. Plaintiff Peter Garcia, aged 19, and defendant Kerwin Rivera, aged 20, were at a friend's house that evening, where Garcia observed Rivera take several "swigs of brandy". When they departed, Rivera drove to Harlem and bought marihuana, which the two young men proceeded to smoke. Rivera was driving a 1975 Oldsmobile owned by defendant Ines M. Rivera. Although the vehicle was equipped with seat belts, Garcia, who was seated in the front passenger seat, was not wearing one.

The accident occurred on the Cross-Bronx Expressway. Rivera, who was driving at a speed of 65 to 70 miles per hour, unsuccessfully attempted to pass a tractor trailer operated by defendant-respondent Oliver M. Sherwood, who was driving at a speed of approximately 45 miles per hour. Instead of a successful pass, the right front of the Oldsmobile hit the left rear of the tractor trailer. This was the "first collision" resulting from the accident.

The impact of the collision was so great that not only was the tractor trailer rear bumper smashed in, but the rear axle of the tractor trailer was twisted out of shape. Photographs show that the Oldsmobile was totally demolished. The police report stated, regarding the Oldsmobile, that the "[e]ntire vehicle [was] destroyed, including interior roof sheared off, dashboard collapsed, steering column collapsed, right rear tire flat, outer edge of right tire was bald."

After the collision Garcia was found beneath the dashboard of the Oldsmobile. He sustained serious injuries, including, *inter alia,* a fractured right femur, a fractured skull and the blindness of his right eye. Rivera, who sustained only minor injuries, was arrested at the scene of the accident and charged with driving without a license, assault in the first degree and reckless endangerment. He ultimately pleaded guilty to driving while intoxicated and was incarcerated for four months.

Garcia commenced this action, which seeks damages of $10 million, against the Riveras, Sherwood, defendant-respondent Barry T. Fox, who is the owner of the tractor trailer, and defendant-appellant Fruehauf Corporation, the manufacturer of the vehicle, which it sold to Fox in 1978. Three theories

were advanced as against Fruehauf: (1) negligence (2) strict products liability and (3) breach of implied warranties of fitness and merchantability. The gravamen of the complaint against Fruehauf is that the ICC bumper on the rear of the Fruehauf tractor trailer, which is "the bar beneath the post to prevent the traffic from running underneath [the body of the tractor trailer]" was defective and thus not "crashworthy". Garcia contends that this lack of "crashworthiness" resulted in a "second collision", i.e., his contact with the interior of the Oldsmobile, which allegedly would not have contacted plaintiff but for the fact that the Oldsmobile "underrode" the tractor trailer which resulted in enhanced injuries to plaintiff.

Fruehauf moved for summary judgment to dismiss all causes of action and related cross claims against it. The IAS court, insofar as the strict liability claim and the related negligence claim were concerned, denied the motion, despite the undisputed fact that the subject ICC bumper was located 28 to 39 inches above ground level, and complied in all respects with the applicable Federal bumper regulation, 49 CFR 393.86, which regards "Rear end Protection". It is noteworthy that New York has no bumper regulation or law in conflict with this provision of the Federal Motor Carrier Safety Regulations.

We hold that the IAS court erred and, accordingly, reverse and grant the motion for summary judgment.

Under the "second collision doctrine", plaintiff must prove that his injuries were more severe than they would have been had the ICC bar been "properly" designed. As an obvious consequence of the first collision, Garcia, who was not wearing a seat belt and who was in the portion of the car which made contact with the rear of the truck, would unquestionably have been injured. Thus, it cannot be inferred simply because he was injured that the ICC bar was defective and plaintiff may recover.

Rather, for Garcia to prevail under the second collision doctrine, he must show, by independent proof, that a defect in the ICC bar caused enhanced injuries. (*Cornier v Spagna,* 101 AD2d 141, 147 [1st Dept 1984].) The burden of proof, which is weighty indeed, rests upon the plaintiff's shoulders in such cases. (*Caiazzo v Volkswagenwerk A.G.,* 647 F2d 241, 250 [2d Cir 1981]; *Cornier v Spagna,* 101 AD2d, *supra,* at 146.) The three-prong test requires the following: " 'First, in establishing that the design in question was defective, the plaintiff must offer proof of an alternative safer design, practicable

under the circumstances. * * * Second, the plaintiff must offer proof of what injuries, if any, would have resulted had the alternative, safer design been used. * * * Third, * * * the plaintiff must offer some method of establishing the extent of enhanced injuries attributable to the defective design.' " *(Caiazzo v Volkswagenwerk A.G.,* 647 F2d, *supra,* at 250, quoting *Huddel v Levin,* 537 F2d 726, 737-738 [3d Cir 1976].)

Upon review of the record, we find that there is no evidence submitted by either plaintiff or the responding defendants as to how they would establish liability by satisfying each and every prong of this test. The IAS court acknowledged that the Fruehauf vehicle met the statutory requirement, but inexplicably held that Fruehauf should be required to meet a higher burden. We do not agree with this. We are persuaded that Fruehauf's papers were sufficient to shift the burden to respondents herein to identify triable issues of fact by demonstrating their ability to meet the three-prong test. Because they failed to do so, summary judgment should have been granted.

We therefore hold that the court erred when it denied Fruehauf summary judgment and now reverse and grant the motion.

In view of the fact that we are dismissing the complaint and cross claims against Fruehauf, the discovery issue is rendered academic. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.