OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed with $30 costs to abide the event, complaint reinstated and matter remanded for a trial de novo.
In this action seeking damages for strict products liability, breach of warranty, negligence and failure to warn, the court dismissed the complaint on the ground that plaintiff failed to sustain her burden of proof under the line of “second impact” or “second collision” cases in which there was an allegation of a design defect. In addition, prior to the commencement of the trial, the court had precluded plaintiff from introducing evidence on the issue of late deployment of the air bag.
Both plaintiff and her sister, who was a passenger in the car rented from Avis (PV Holding Corp.) and driven by plaintiff, testified that there was a minor impact with a car that had come from their right at an intersection. Neither of the people in the car was hurt as a result of that impact and the damage to the rented car was “minor”. Both sisters testified that after about 20 seconds, they heard a hissing type of noise and the air bag began to inflate slowly. Plaintiff, whose hands were still on the steering wheel, testified that some type of gas, or acid, began spewing out of the lower half of the steering wheel as the bag inflated partially and slowly and that it burned her hands and face. Defendant, PV Holding Corp., produced its *1037 expert who testified that the air bag could not deploy in that manner. He stated that the air bag was folded by hand after it was manufactured.
A motion by defendant to dismiss at the close of a plaintiffs case should not be granted unless by no rational process could a jury find in favor of the plaintiff. It should not be granted simply because there are inconsistencies in the proof or questions of witnesses’ credibility. Where there are varying inferences to be drawn from the evidence, the jury must resolve them (O’Neil v Port Auth., 111 AD2d 375). It is not the trial court’s function to weigh evidence (Hyung Y. Choi v Mann, 104 AD2d 354). This was not the type of case where plaintiff failed to show any negligence and proximate cause (see, Calandriello v New York Racing Assn., 203 AD2d 503). It was a case where plaintiff and her sister both testified that the air bag deployed some seconds after the initial impact and then did not function properly. That defendant’s expert testified that it was “impossible” for the air bag to deploy that way, presented an issue of fact for a jury’s determination.
The next issue to determine is whether or not this is a “second collision case” or whether it is simply a negligence or strict products liability case based on defective or negligent packaging.
The second collision rule is found in Bolm v Triumph Corp. (33 NY2d 151), in which plaintiff, while riding on his motorcycle, collided with a car and was thrown over the top of the cycle, striking his groin and pelvic areas on a metal luggage grid on top of the gas tank, causing severe injury. The Court cited the case of Edgar v Nachman (37 AD2d 86, Iv denied 29 NY2d 483), in which it was held that there was no basis to allow recovery against a manufacturer for unsafe design which does not cause the accident but only aggravates the damage. Special Term therein concluded that there was no liability for a design defect which only aggravated the injury, i.e., the second collision between the user of the vehicle and the vehicle itself as a result of the initial impact. The court phrased the threshold issue as being the liability of the manufacturer for a defect in design which does not cause the accident but which enhances or aggravates the injury and found that there was no such liability therein under those circumstances, especially where plaintiff did not show that the injuries were more severe than they would have been if the item was properly manufactured.
In Cornier v Spagna (101 AD2d 141, 146), plaintiff sued under four theories — negligence, strict products liability, breach *1038 of express and implied warranty. The jury returned with a verdict on all theories except for the action for express warranty. Plaintiff was on a motorcycle when she was thrown off and the helmet cracked. The Court ruled that plaintiff had to establish that the injuries would have been more severe than they were had the helmet been properly designed. The Court held that the jury should not be permitted to speculate that the helmet was defective merely from the facts of the accident, because as a consequence of the accident, plaintiff would have been injured anyway. In Held v Ball (123 AD2d 507), a similar result was reached where the design defect enhanced the injury. In Burgos v Lutz (128 AD2d 496), plaintiff alleged negligence and, inter alia, defective design. The Court held that plaintiff did not establish that it was feasible to design a belt that was safer and failed to show that the injury was more severe than it would have been if the product was properly designed. In Garcia v Rivera (160 AD2d 274, 276-277), plaintiff sued in negligence, strict products liability and for breach of an implied warranty based on the allegation that the bar on the back of a trailer truck was defective, i.e., a second collision. The Court required that plaintiff establish that the injury would be more severe than it would have been had the bar been properly designed — independent proof that the defect in the bar enhanced the injury and also prove that a safer design would have produced a different result.
For the reasons to be stated at the conclusion of the next line of cases, it is the opinion herein that this accident is not a second collision or second impact case and that the complaint here is not seeking damages because of a defective design. In Halloran v Virginia Chems. (41 NY2d 386, 388), the Court stated: “In a products liability case it is now established that, if plaintiff has proven that the product has not performed as intended and excluded all causes of the accident not attributable to defendant, the fact finder may, even if the particular defect has not been proven, infer that the accident could only have occurred due to some defect in the product or its packaging” (emphasis added). In McDermott v City of New York (50 NY2d 211, 221), plaintiff’s arm was severed by a hopper. The Court found that the trier of fact could infer the existence of a defect as of the time of delivery and “Thus, the fact finder is generally free to infer, in a product liability case, the existence of a defect upon a showing that the product did not perform as intended” (at 221). In Jackson v Melvey (56 AD2d 836), the car had a steering problem, went off the road and injured the *1039 plaintiff passenger. The Court held that plaintiff did not have to prove a specific defect in the product and that the proof could be “circumstantial” (supra, at 837) and that the defect could be “inferred from proof that the product did not perform as intended by the manufacturer”. In Winckel v Atlantic Rentals & Sales (159 AD2d 124), a chair collapsed and plaintiff sued on the theories of negligence, breach of warranty and strict products liability. The Court found that plaintiff established the elements of the causes of action and that “While there was no proof of a specific defect in the chair, under certain circumstances a jury may infer that a product was defective solely on the basis that the product did not function as intended.” (Supra, at 127.)
The basis for liability in a strict products liability case was set forth in the case of Codling v Paglia (32 NY2d 330), in which it was found that the manufacturer of a defective product would be liable if (1) the product was being used in the manner intended by the manufacturer; (2) the injured party would not have discovered the defect by use of reasonable care; and (3) that the person injured could not have otherwise avoided the injury or damage. In addition to the McDermott case (supra), holding that proof of a specific defect is not required, the case of Coley v Michelin Tire Corp. (99 AD2d 795) is also instructive. In that case, the Court held that proof of a specific defect was not required, especially where the proof was of a complicated nature and that proof of the defect could be inferred from the fact that the product did not perform in the manner intended by the manufacturer.
In the case at bar, both plaintiff and her sister stated that the impact between the two cars was minor and that they did not sustain any injury as a result of that collision. Both sisters testified that some seconds after the impact, they heard a “hissing” noise and plaintiff began screaming because the bag was coming slowly out of the bottom half of the steering wheel and that some “acid” or chemical was being sprayed on her hands and face. The fact that defendant produced an expert witness who testified that the bag could not deploy in that fashion does not remove this issue from the consideration of the jury and should not prevent them from being able to infer that the bag deployed improperly because of either the way it was manufactured or the way it was installed. Defendant’s expert stated that the air bag was installed after being folded by hand, that it was a manual act. It is entirely within the realm of the trier of fact to be able to conclude that the air bag did not perform *1040 as intended when it came out slowly and sprayed a hot acid or chemical on plaintiffs hands and face.
It is the conclusion reached herein, that this was not a “second impact/collision” case because plaintiffs injuries were not caused by the first impact. Had the sensors worked properly, the minor-type impact should not have caused the air bag to deploy. It should not have deployed slowly, leaking or spraying acid or chemicals on plaintiffs hands and face. Whether the injuries to plaintiff were the result of this chemical or acid, or the result of a burn from a sudden inflation, is also an issue for the trier of fact. Plaintiff is claiming that her injuries were caused by the improper deployment of the air bag and that they were not caused by the first impact. This alone would distinguish it from the cases cited by defendant in support of its claim that this is a second impact case. In addition, when looking at the second impact cases, one is struck by the fact that it was the first impact which propelled plaintiff into, under or over some other item which caused the injury. In the case at bar, plaintiff is not claiming a defective design, is not claiming that the impact with the car caused any damage and is claiming that while sitting in the car, the air bag began to slowly deploy, spraying her hands and face with some burning element.
As to the issue whether plaintiff should be able to introduce evidence of late deployment of the air bag, suffice it to say that the court erred in its holding that since plaintiff was an interested witness, her testimony alone would not be sufficient to support this claim. In addition to her testimony ultimately coming in, it should be noted that defendant’s employee, Mr. Pagan, interviewed plaintiff shortly after the accident and defendant could not account for the missing reports labeled one and two, since the report in evidence had a number “3” on top. Therefore plaintiff should have been permitted to present her proof on the issue of late deployment of the air bag.
Kassoff, P. J., Scholnick and Patterson, JJ., concur.