(December 5, 2002)

■ RODNEY BILBAO et al., Respondents, v WESTINGHOUSE ELECTRIC CORP. et al., Appellants. SCHINDLER ELEVATOR CORP., Third-Party Plaintiff, v MAINCO ELEVATOR CORP., Third-Party Defendant-Appellant. [751 NYS2d 177] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered September 24, 2001, after a jury trial and verdict finding plaintiff 10% liable, defendants-appellants 60% liable, and third-party defendant-appellant 30% liable for enhanced injuries sustained by plaintiff, and awarded damages in the principal amount of $3 million, unanimously reversed, on the law and the facts, without costs, the judgment vacated and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint, and in favor of third-party defendant dismissing the third-party complaint.

Plaintiff Rodney Bilbao was a mechanic's helper, employed by third-party defendant-appellant Mainco Elevator Corp., to repair and maintain escalators. On April 9, 1993, plaintiff was attempting to replace a broken "comb" at the bottom of an escalator at Kennedy Airport when he was injured. Plaintiff did not shut the escalator off when he set about replacing the broken comb. Plaintiff removed the two screws that held the comb to the comb plate, and pried the comb section loose with a screwdriver. He then reached under the comb section with the fingers of his right hand to lift up the comb, and his fingers were sucked into the machinery. The escalator ran for another five or six steps before it stopped, apparently because the screwdriver got caught.

Plaintiff argued at trial that defendant Westinghouse Electric Corp. (Westinghouse) was negligent by not installing a comb plate stop switch, and the trial court instructed the jury that Westinghouse's damages were limited to the extent to which the failure to install the comb plate stop switch enhanced plaintiff's injuries beyond that which they would have been if the stop switch had been installed.

It is uncontested that the escalator would have stopped sooner if a comb plate stop switch had been installed. However, plaintiffs failed to meet their "weighty" burden of proving enhanced damages (*Garcia v Rivera*, 160 AD2d 274, 276, *lv denied* 77 NY2d 801). Plaintiffs' expert's testimony that the injured plaintiff probably could have slipped his fingers out is at odds with plaintiff's own testimony that his hand was sucked into the escalator so quickly that he was shocked, and with plaintiff's other expert, who stated that plaintiff's hand was sucked in immediately. Other than speculating that plaintiff Rodney Bilbao would not have been injured at all, plaintiffs failed to offer any evidence as to what injuries he would have sustained had the stop switch been installed, as opposed to the injuries he did in fact sustain.

Furthermore, plaintiffs' expert's testimony that plaintiff could have slipped his fingers out without sustaining any injury is contingent on his expert opinion that the switch spring would have been set at about 60 pounds. According to the expert, this setting would have allowed plaintiff to pull up the comb plate fast enough to remove his hand before being sucked in. However, the record is devoid of any evidence that the switch spring had to be set specifically at 60 pounds to be safe. In fact, plaintiffs' other expert testified that the spring could have been set at anywhere from 30 to 100 pounds. Thus, in order for the jury to conclude that plaintiff would not have been injured at all, or would have been less injured, if the stop switch plate had been installed, it would have had to speculate as to several factors independent of any negligence by Westinghouse. Moreover, such a finding would be contrary to plaintiff's own evidence.

Consequently, plaintiff failed to "offer proof of what injuries, if any, would have resulted had the [comb plate stop switch] been used" and failed to "offer some method of establishing the extent of enhanced injuries attributable to the [failure to use the switch]" (*Garcia*, 160 AD2d at 277, quoting *Caiazzo v Volkswagenwerk, A.G.*, 647 F2d 241, 250, quoting *Huddell v Levin*, 537 F2d 726, 737-738; *see also Cornier v Spagna*, 101 AD2d 141, 146-147 [plaintiff was required to show by independent proof that a defect caused enhanced injuries]).

We need not reach appellants' remaining contentions in light of our determination. Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.