MICHELLE LIEBER, Appellant, v FORD MOTOR CORPORATION, Respondent. (Appeal No. 1.) [773 NYS2d 327]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered September 30, 2002. The order granted defendant's motion for a directed verdict and dismissed the complaint in a products liability action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion for a directed verdict in this products liability action premised upon the second collision doctrine (see generally Garcia v Rivera, 160 AD2d 274, 276-277 [1990], lv denied 77 NY2d 801 [1991]; Burgos v Lutz, 128 AD2d 496, 497 [1987]). Plaintiff's expert testified that the 1991 Mustang manufactured by defendant, in which plaintiff was a rear seat passenger when she was injured, was defectively designed because the rear bumper lacked sufficient stiffness and the spare tire was dangerously positioned. Plaintiff, however, failed to present proof "that there was a feasible alternative design which would have avoided the harm to the extent [that her] injuries were enhanced by the second collision" (Burgos, 128 AD2d at 497). Because plaintiff failed to present a prima facie case, the court properly granted defendant's motion (see id. at 498). Plaintiff failed to preserve for our review her contention that the court erred in directing a bifurcated trial (see Darwak v Benedictine Hosp., 247 AD2d 771, 772 [1998], appeal dismissed 92 NY2d 845 [1998]; Meyers v Fifth Ave. Bldg. Assoc., 90 AD2d 824, 825 [1982]). Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.