*Michael v. General Motors LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of October, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARCOS MICHAEL,
> *Plaintiff-Appellant*,

v.                                              18-3658-cv

GENERAL MOTORS LLC,
> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:                    MARCOS MICHAEL, *pro se*, Bronx, New York.

FOR DEFENDANT-APPELLEE:                          STEVEN R. KRAMER,
                                                 Eckert, Seamans, Cherin &
                                                 Mellott, LLC, White
                                                 Plains, New York.


Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Marcos Michael, proceeding *pro se*, appeals the district court's judgment, entered November 14, 2018, dismissing his claims against defendant-appellee General Motors LLC ("GM").   By decision and order entered November 13, 2018, the district court granted GM's motion for summary judgment.   Michael sued GM after he was injured in a car crash, alleging that the car's airbag failed to deploy and the seatbelt failed to restrain him.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party."   *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam).   "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled

2

to judgment as a matter of law.'"   *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011)

(quoting Fed. R. Civ. P. 56(a)).

## I.   Timeliness of Summary Judgment Motion

We first address Michael's argument that GM's summary judgment

motion was untimely, and therefore should not have been considered by the district

court.   Contrary to Michael's characterization, the original motion was timely filed.

Further, as the district court explained, the "amended motion," which was filed one day

late, did not make any substantive changes and only highlighted the importance of the

Notice to Pro Se Litigants, which was timely filed the previous day.   In deciding the

summary judgment motion, the district court relied on GM's timely-filed Statement of

Material Facts and evidence (which were not changed by the amended motion).

Thus, even if the district court considered only the first, timely-filed motion, the

outcome would have been the same.

## II.   Constitutionality of the Summary Judgment Motion

Michael's argument that summary judgment violated his Seventh

Amendment right to a jury trial is unavailing.   Summary judgment does not violate the

Seventh Amendment where, as here, there are no genuine issues of material fact and the

movant is entitled to judgment as a matter of law.   *See Parklane Hosiery Co. v. Shore*, 439

U.S. 322, 336 (1979).

3

### III.    Airbag Claims

Although the district court held that Michael's airbag claims failed because, *inter alia*, Michael did not proffer any expert testimony showing that the collision should have triggered airbag deployment, we affirm on a different ground: Michael failed to present evidence from which a reasonable jury could find that any alleged defect caused his injuries.   *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("[This Court] may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely.").[1]   In New York, a plaintiff must show that his injuries resulted from the alleged defect.   *See Doomes v. Best Transit Corp.*, 17 N.Y.3d 594, 608 (2011); *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 109 (1983).   Specifically, where a plaintiff claims that the

---

[1]     We note that the district court did not consider whether Michael's airbag claim could survive summary judgment under a strict liability design defect theory.   Liberally construed, his complaint asserted both manufacturing and design defect theories.   In New York, to establish a design defect, a plaintiff must "present evidence that the product, as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner."   *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 108 (1983).   Here, the severity of Michael's injuries arguably shows that the non-deployment of the airbag created an unsafe condition.   And an alternative design -- airbags that deploy in a scenario like the crash at issue -- is, at least arguably, obvious to a layperson.   *But see Fitzpatrick v. Currie*, 861 N.Y.S.2d 431, 434 (3d Dep't 2008) (holding that, although "the opinion of an expert may not always be necessary in establishing a products liability case," a claim that an airbag deployed with excessive force and/or improperly split open required expert evidence).   Even if Michael presented sufficient evidence showing a design defect in the airbag, however, he failed to show that the defect (the airbag's non-deployment) caused his injuries.

alleged defects did not cause the car crash itself, he must show how the alleged defect aggravated his injuries (i.e., he must show the difference between the injuries that would have occurred without the defect and the injuries that did occur).  *Garcia v. Rivera*, 553 N.Y.S.2d 378, 379-80 (1st Dep't 1990); *see also Caiazzo v. Volkswagenwerk A.G.*, 647 F.2d 241, 249-51 (2d Cir. 1981).   This causation requirement applies whether the claims rely on a theory of negligence or strict liability.   *See Garcia*, 553 N.Y.S.2d at 379-80 (holding that summary judgment should have been granted as to negligence and strict liability claims where plaintiff failed to show that his injuries were enhanced by an allegedly defective truck bumper).

GM's evidence showed that even if the airbag had deployed, it would not have prevented Michael's head from moving laterally through the driver's side window and hitting the concrete barrier.   Michael did not proffer any evidence countering this testimony, nor did he otherwise present evidence that his injuries were aggravated by the non-deployment of the airbag; in other words, he failed to present evidence that even if the airbag had deployed, his head would not have hit the concrete barrier and he would not have suffered the same injuries.   Although Michael may be correct that he was not necessarily required to have expert evidence to support his claim, *see Fitzpatrick v. Currie*, 861 N.Y.S.2d 431, 434 (3d Dep't 2008); *Jackson v. Melvey*, 392 N.Y.S.2d 312, 314 (2d Dep't 1977), he did not offer *any* evidence to show the requisite

5

causation.[2]  Thus, even if the airbag suffered from a defect (manufacturing or design), Michael's claim fails as a matter of law.

## IV.  Seatbelt Claims

Summary judgment was proper as to Michael's seatbelt claims for the same reason:  Michael failed to show that his injuries were aggravated by any alleged seatbelt defect.  *See Leon*, 988 F.2d at 308 (affirming on any basis in the record).  As to the alleged manufacturing defect, GM proffered evidence that a properly worn, properly functioning seatbelt would not have prevented Michael's head from moving laterally outside the driver's side window and hitting the barrier.  Michael, on the other hand, failed to proffer any evidence countering GM's evidence or otherwise showing that, if the seatbelt was properly functioning, his head would not have moved laterally outside the window and hit the concrete barrier.  Instead, he argues only that he was wearing his seatbelt properly -- a fact that GM's experts and the district court assumed in their conclusions.  Thus, even if the seatbelt malfunctioned, Michael's manufacturing defect claim fails as a matter of law.

As to the alleged design defect, Michael failed to show that such a defect enhanced his injuries because he failed to propose any reasonable design that would

---

[2]  *But see Caiazzo*, 647 F.2d at 250 ("[Evidence of enhanced injuries] will generally, perhaps even necessarily, be in the form of expert testimony.").

have prevented or mitigated those injuries.   A plaintiff must proffer some admissible evidence showing that an alternative reasonable design is technologically and commercially feasible.   *See Voss*, 59 N.Y.2d at 109 (discussing factors courts consider when determining whether an alternative design is feasible).   Here, Michael did not propose any alternative seatbelt design that would have prevented him from moving laterally out the window, and none is obvious.

We have considered all of Michael's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7